Filed 11/1/13  In re Joseph C. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re JOSEPH C., a Person Coming Under the Juvenile Court Law. | D063870 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J222099) |
| v. | |
| JOSEPH C., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Richard R. Monroy, Judge.  Affirmed.

Kleven McGann Law and Sarah Kleven McGann, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Following an adjudication hearing, the juvenile court found that Joseph C. (the Minor) had committed the felony offense of possessing a concealed dirk or dagger (Pen. Code, § 21310), two misdemeanor offenses of violating curfew (San Diego Mun. Code,

§ 58.0102, subd. (A)) and one infraction for loitering (San Diego Mun. Code, § 58.05, subd. (b)(1)).

At the disposition hearing the court determined the maximum custody was three years.  The court took custody of the Minor under Welfare and Institutions Code 726, subdivision (a), and imposed, but stayed a commitment to the Short Term Offender Program.[1]  Based on the lack of sufficient information the court set the dagger offense as a felony, subject to a defense motion to reduce it to a misdemeanor.  No such motion is in this record.

The Minor filed a timely notice of appeal.

Counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) raising possible, but not arguable issues.  We offered the Minor the opportunity to file his own brief on appeal, but he has not responded.

STATEMENT OF FACTS

1.  Loitering Infraction.  At the adjudication hearing, the Minor admitted that on December 14, 2012, he was at a park when he should have been in school.

2.  Curfew Violations.  On December 21, 2012, the Minor was cited for being out after 11:00 p.m., without legitimate reason.

On January 19, 2013, the Minor was again cited for being out at 10:30 p.m., without legitimate reason.

---

[1]     The court's decision to stay the commitment to the Short Term Offender Program was based on information that the Minor would be moving to Oklahoma with his aunt.

3.  Carrying a Concealed Knife.  The Minor was contacted by police while he was sitting on a bench at a public park.  During questioning the Minor said he had a weapon on him; that he had a knife in his pocket.  Police patted down the Minor and discovered a knife in a sheath in the Minor's pocket.  Police examined the knife and discovered it was a two-sided blade, and thus was a dagger.  The Minor was then arrested.

## DISCUSSION

As we have noted, appellate counsel has filed a brief indicating she is unable to identify any argument for reversal and asks this court to review the record for error as mandated by *Wende, supra*, 25 Cal.3d 436.  Pursuant to *Anders, supra*, 386 U.S. 738, the brief identifies the possible, but not arguable issues:

1.  Did the juvenile court fail to exercise its discretion to consider whether the knife offense should have been a misdemeanor?

2.  Does Penal Code section 21310 violate the Second Amendment of the U.S. Constitution?

3.  Was the pat down of the Minor unlawful?

We have reviewed the entire record in accordance with *Wende, supra,* 25 Cal.3d 436, and *Anders, supra,* 386 U.S. 738, and have not found any reasonably arguable appellate issues.  Competent counsel has represented the Minor on this appeal.

3

DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


McDONALD, J.


AARON, J.